KANNER, Acting Chief Judge.
Plaintiffs, appellees here, placed with the defendant-appellant for safekeeping the sum of $2,700, with the understanding that it would be returned to them upon demand. There had been payments made to them of portions of the named sum in the respective amounts of $500, $200, and $100. The $500 payment was made through a cashier’s check; the $200 was paid by personal check; and it is not indicated whether the $100 was paid by check or by cash. Action was brought for recovery of the unreturned balance. The appellant claimed payment; and the case was heard upon this issue by the jury, with the result that a verdict in the amount of $1,900 for the appellees was returned.
Admitted into evidence was a receipt indicating a payment of $2,000, with the appellant testifying that this was paid' to the appellee wife in cash. This was contradicted by the appellee wife, who said, in effect, that she did sign the receipt but that, because of marital difficulties with her husband and a divorce involvement, the appellant induced her to do so and that she never received the designated cash. The $200 payment referred to is represented by a receipt upon which is written, “Bal of Personal Loan of $2700. Paid in full”. Appellees’ testimony refuting this is, in essence, that the receipt was signed but that at the time of the signing, this language was not upon it.
*569 It is the position of the appellant that the written receipts offered into evidence do not contain any ambiguity, are unmistakable in their meaning, and that therefore the court committed error in allowing the introduction of parol evidence to contradict them.
The form of the receipts used is an ordinary one. Appellant’s contention with reference to their invulnerability to assault by contradictory parol evidence is governed by the principle of law setting out that the general rule excluding parol evidence to vary a written instrument does not apply to a mere receipt. The reason for this is that receipts are merely prima facie evidence of payment and only an admission in writing. They are not contractual in their nature. Parol evidence is therefore admissible to explain, vary, or contradict a receipt, and the mere fact that a receipt contains the words “in full” in connection with payment does not render parol evidence inadmissible with respect to it. See Schmitt v. Bethea, 1919, 78 Fla. 304, 82 So. 817; 13 Fla.Jur., Evidence, section 391, Receipts, page 389 ; 20 Am.Jur., Evidence, section 1109, Receipts, pages 971-973; 32 C.J.S. Evidence § 926, pages 846-847. Thus, the court did not commit error in this regard.
As to the other contentions made by appellant, we do not find that any prejudicial error is indicated. We may observe that there is no contention made that the evidence is insufficient to sustain the verdict; nor does the record reflect that a motion for new trial was ever filed. Payment is an affirmative defense, and the onus rested upon appellant to prove it. It is obvious that the jury accepted the version of appel-lees. The judgment of the court below is affirmed.
Affirmed.
SMITH and WHITE, JJ., concur.