SACK, MARTIN, Associate Judge.
Appellant, defendant in the court below, appeals from an adverse final judgment, consequent upon a jury verdict.
The salient, undisputed, facts were that the appellees, plaintiffs below, owned certain real property in Dade County, and on February 19, 1971, signed a standard form of Deposit Receipt Contract for the sale of such property to International Council of Ecumenical Churches, Inc. The Deposit Receipt was signed by one Robert C. McDonald, as President of the International Council of Ecumenical Churches, Inc., but not signed by the secretary of the corporation. Sylvia Acker, a real estate saleswoman, employed by the appellant broker signed the Deposit Receipt for the broker, which stated in part:
“Receipt is hereby acknowledged of the sum of Six Thousand Five Hundred ($6,-500.00) Dollars from The International Council of Ecumenical Churches, Inc., as a deposit on account of the purchase price . . .” (A-16).
*206 Simultaneously, McDonald delivered to Miss Acker the check of Golden Triangle Constructors, signed by McDonald, drawn on the St. Louis County National Bank, and payable to Southland Realty Co., and International Council of Ecumenical Churches, Inc.
There is some dispute as to whether the Deposit Receipt Contract was to be forwarded to one Wayne Thompson, as Secretary of the Council, for his signature, whether legally necessary or not. In any event, Thompson did not sign the agreement and advised all parties by telegram that the Deposit Receipt was not accepted. Upon receipt of the telegram, Miss Acker returned the check to McDonald.
Thereupon, the instant lawsuit was instituted by the sellers to recover the $6,-500.00, in effect charging appellant with conversion. Appellees’ basic argument in the trial court and before this court is that appellant was estopped to deny the receipt of the $6,500.00 under the above quoted provision of the Deposit Receipt Agreement, notwithstanding appellant’s testimony that neither the check nor the Deposit Receipt Agreement were to be effective unless and until Thompson approved and executed the agreement, as Secretary of the Council. But, it is admitted the check was not negotiable unless endorsed by the International Ecumenical Council of Churches, Inc.; that the check was never so endorsed; that appellant did not endorse the check; that the check was never deposited; and the appellant, in fact, did not ever have the $6,500.00.
The holding of the trial court that the “terms” of the Deposit Receipt Agreement could not be denied and amounted to an estoppel was clear error.
In the first place, none of the elements essential to an estoppel were present, and secondly, the general rule excluding parol evidence to vary a written instrument does not apply to a mere receipt. This is becausé receipts are merely prima facie evidence of payment, and only an admission in writing. Hence parol evidence is admissible to explain, vary, or contradict it. 13 Fla.Jur. 389, Section 391; Phillips v. Frost (Fla.App.) 147 So.2d 568.
Accordingly, we do not deem it necessary to discuss the other points on appeal.
Since appellant timely made its motion for a directed verdict, the final judgment entered below is hereby reversed, and this cause is remanded to the trial court to grant the motion for a directed verdict and enter final judgment for appellant.